**UNITED STATES COURT OF INTERNATIONAL TRADE**

_____
JILIN BRIGHT FUTURE CHEMICALS CO., LTD. )
                                 )
                                 )
                                 )      Court No. 22-00336
                 Plaintiff, )
         v. )
                                   )
UNITED STATES, )
                                   )
               Defendant. )
_____)

## COMPLAINT

        Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade,

Plaintiff, Jilin Bright Future Chemicals Co., Ltd. ("Jilin Bright" or Plaintiff), by and through its

counsel, allege and state as follows:

## JURISDICTION

        1.     Plaintiff brings this action pursuant to, and in accordance with, section 516A(a)(2)

of the Tariff Act of 1930, as amended (codified at 19 U.S.C. § 1516a(a)(2)), contesting the final

results issued by the U.S. Department of Commerce ("Commerce") in <u>Certain Activated Carbon</u>

<u>From the People's Republic of China: Final Results of Antidumping Duty Administrative</u>

<u>Review; and Final Determination of No Shipments; 2020–2021</u>, 87 Fed. Reg. 67671 (November

9, 2022) ("<u>Final Results</u>"), as they apply specifically to Plaintiff.  This Court has jurisdiction

over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

        2.     Plaintiff, Jilin Bright Future Chemicals Co., Ltd., actively participated in the

administrative review through submission of factual information and/or written argument and

**Court No. 22-00336**                                          **Complaint**

thus is a party to the proceeding as defined in 19 C.F.R. §351.102(b).  As an interested party that actively participated in the underlying administrative proceeding, Plaintiff has standing pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

3.     The subject <u>Final Results</u>, which are being challenged herein, were published in the <u>Federal Register</u> on November 9, 2022.  <u>Final Results</u>, 87 Fed. Reg. 67671 (November 9, 2022). On December 9, 2022, within 30 days after the publication of the subject final results, Plaintiff filed a summons to initiate this action.  Accordingly, this action was commenced within the period specified in 19 U.S.C. §§ 1516a(a)(2)(B)(iii).  This Complaint is being filed within 30 days after the date on which the summons was filed.  Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(A)(i), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action has been timely brought.

## STANDARD OF REVIEW

4.     This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. § 1675(a) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).

## PROCEDURAL HISTORY

5.     On April 27, 2007, Commerce published in the Federal Register the notice of an antidumping duty order covering activated carbon from the People's Republic of China.  <u>See Notice of Antidumping Duty Order, Certain Activated Carbon from the People's Republic of China</u>, 72 Fed. Reg. 20988 (Dep't Commerce, April 27, 2007) (hereinafter "Order").  On June 11, 2021, Commerce published a notice initiating the fourteenth antidumping duty administrative review of activated carbon from the PRC covering the period April 1, 2020, through March 31,

2021. <u>Initiation of Antidumping and Countervailing Duty Administrative Reviews</u>, 86 FR

31282 (June 11, 2021). ("<u>Initiation Notice</u>").

6.       On August 5, 2021, Commerce determined that it was not practicable to examine

all of the numerous exporters/producers of subject merchandise for which a review was

requested, and as a result, pursuant to section 777A(c)(2)(B) of the Act, Commerce chose to fully

examine individually only two exporters as mandatory respondents:  Jilin Bright and Datong

Juqiang Activated Carbon Co., Ltd. ("DJAC").  <u>Respondent Selection Memorandum</u> (Aug. 5,

2021).

7.       Subsequently, DJAC and Jilin Bright filed responses to Commerce's

questionnaire and supplemental questionnaires.

8.       On May 6, 2022, Commerce published in the <u>Federal Register</u> its preliminary

results of the fourteenth administrative review, in which it assigned an average dumping margin

rate of $0.35 per kilogram to Jilin Bright and a $0.00 per kilogram dumping margin to DJAC.

<u>Certain Activated Carbon from the PRC: Preliminary Results of Antidumping Duty</u>

<u>Administrative Review and Preliminary Determination of No Shipments; 2020-2021</u>, 87 Fed.

Reg. 27094 (Dep't Commerce May 6, 2022) ("<u>Preliminary Results</u>").

9.       On November 9, 2022, Commerce published in the <u>Federal Register</u> its <u>Final</u>

<u>Results</u>.  In the <u>Final Results</u>, Commerce made adjustments to the calculation of Jilin Bright's

antidumping rate.  These changes resulted in the assignment of an average dumping margin rate

of $0.62 per kilogram to Jilin Bright.

### ISSUES PRESENTED BY THE ACTION AND
### PLAINTIFFS' STATEMENT OF CLAIMS

10.       In the following respects, and for other reasons apparent from the record of the

administrative proceeding, Commerce's final results in its antidumping duty administrative

**Complaint**

review are unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT ONE

11.     Paragraphs one through ten are incorporated herein by reference.

12.     In the final results of review, Commerce valued Jilin Bright's coal using import

statistics into Malaysia under harmonized tariff schedule ("HTS") classification 2701.12 rather

than Malaysian HTS 2701.19.  See Final Results, accompanying Issues and Decision

Memorandum, Comment 4 (Nov. 2, 2022), available at

https://access.trade.gov/public/FRNoticesListLayout.aspx (last accessed Jan. 5, 2022).

Commerce's reliance on 2701.12 as a surrogate value was not supported by substantial evidence.

## COUNT TWO

13.     Paragraphs one through twelve are incorporated herein by reference.

14.     In the final results of review, Commerce valued Jilin Bright's coal tar pitch using

the average unit value of Malaysian imports of HTS 2706 despite substantial evidence that this

value was unreliable and that it is not specific to the coal tar pitch consumed by Jilin Bright. See

Final Results, accompanying Issues and Decision Memorandum, Comment 5 (Nov. 2, 2022).

Commerce's valuation of Jilin Bright's coal tar pitch was not supported by substantial evidence.

## COUNT THREE

15.     Paragraphs one through fourteen are incorporated herein by reference.

16.     In the final results of review, Commerce valued the overhead, SG&A, and profit

components of normal value by calculating surrogate financial ratios using data from Tan Meng

Keong Sdn. Bhd. (Tan Meng) and Century Chemical Works Sdn. Bhd. (Century Chemical).  See

Final Results, accompanying Issues and Decision Memorandum, Comment 6 (Nov. 2, 2022).

Commerce's reliance on the financial statements of Tan Meng and Century Chemical and

**Court No. 22-00336**                                           **Complaint**

Commerce's calculations of the amounts for overhead, SG&A, and profit was not supported by substantial evidence.

### COUNT FOUR

17.      Paragraphs one through sixteen are incorporated herein by reference.

18.      In the final results of review, Commerce reduced Jilin Bright's export price by an amount for irrecoverable VAT.  See <u>Final Results</u>, accompanying Issues and Decision Memorandum, Comment 8 (Nov. 2, 2022).  Commerce's deduction of unrefunded or irrecoverable VAT from Jilin Bright's export price was not supported by substantial evidence and is not in accordance with law.

### DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

19.      For the reasons stated above, Plaintiff respectfully requests that the Court:

(a)      enter judgment in Plaintiff's favor;

(b)      declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c)      remand these matters to Commerce for redetermination consistent with the Court's opinion, including a recalculation of the margin for Jilin Bright; and

(d)      provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jonathan M. Freed

Robert G. Gosselink
Jonathan M. Freed

**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE, Suite 500

Washington, DC  20002
Tel:  (202) 223-3760
jfreed@tradepacificlaw.com

Counsel for Plaintiff

January 6, 2023

**UNITED STATES COURT OF INTERNATIONAL TRADE**

Jilin Bright Future Chemicals Co., Ltd. V. United States, Court No. 22-00336

<u>**CERTIFICATE OF SERVICE**</u>

I certify that copies of the foregoing Complaint submitted were served on the following parties to the proceeding underlying this appeal:

Gregory S. Menegaz, Esq.
deKieffer & Horgan
1090 Vermont Avenue, NW
Suite 410
Washington, DC 20005
Email: gmenegaz@dhlaw.com

John M. Herrmann, Esq.
Kelley Drye & Warren LLP
3050 K Street, NW
Washington, DC 20007
Email: jherrmann@kelleydrye.com

Francis J. Sailer, Esq.
GDLSK, LLP
1201 New York Avenue, NW
Suite 650
Washington, D.C. 20005
Email: fsailer@gdlsk.com

Daniel L. Porter, Esq.
Curtis, Mallet-Prevost, Colt & Mosle
LLP
1717 Pennsylvania Avenue, NW
Washington, D.C. 20006
Email: dporter@curtis.com

Zhang Yi
Gaopeng & Partners
28th/F, Silver Tower
2 North Dongsanhuan Road
Beijing 100027, China
Email: zhangyi@gaopenglaw.com

Meng Jing
Guantao Law Firm
28/F, Beijing International Finance
Center, 8 Jianhuomenwai Avenue,
Chaoyang District, Beijing 100022,
P.R. China
Email: mengjing@guantao.com

/s/ Jonathan Freed
Jonathan Freed

**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE, Suite 500
Washington, DC  20002
Tel:  (202) 223-3760
jfreed@tradepacificlaw.com

Counsel for Plaintiff

January 6, 2023