**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE:      THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| JILIN BRIGHT FUTURE CHEMICALS CO. LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | )      1:22-cv-00336 |
| | ) |
| NINGXIA GUANGUA CHERISHMET | ) |
| ACTIVATED CARBON CO., LTD. and DATONG | ) |
| MUNICIPAL YUNGUANG ACTIVATED | ) |
| CARBON CO., LTD., | ) |
| | ) |
| Plaintiff-Intervenors, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| CARBON ACTIVATED TIANJIN CO., LTD., and | ) |
| NORIT AMERICAS, INC., | ) |
| | ) |
| Defendant-Intervenors. | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF-INTERVENORS'
MOTION FOR PRELIMINARY INJUNCTION**

OF COUNSEL:

ASHLANDE GELIN
Office of Trade Enforcement &
    Compliance
Department of Commerce

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

CLAUDIA BURKE
Assistant Director

EMMA E. BOND
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station

Washington, D.C. 20044
Tel.: (202) 305-2034
Email:   Emma.E.Bond@usdoj.gov

February 28, 2023                    Attorneys for Defendant

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................i

TABLE OF AUTHORITIES..........................................................................................ii

BACKGROUND..........................................................................................................2

ARGUMENT...............................................................................................................3

    I.   Plaintiff-Intervenors' Motion Should Be Denied Because It Impermissibly Seeks To Expand The Issues In The Case.................................................................................3

CONCLUSION............................................................................................................8

## TABLE OF AUTHORITIES

### CASES

*Ardestani v. Immigration & Naturalization Serv.*,
  502 U.S. 129 (1991)................................................................................................6

*Benisek v. Lamone*,
  201 L. Ed. 2d 398, 138 S. Ct. 1942 (2018)..........................................................5

*Chandler & Price Co. v. Brandtjen & Kluge*,
  296 U.S. 53 (1935)...........................................................................................3, 7

*Fine Furniture (Shanghai) Limited v. United States*,
  195 F. Supp. 3d 1324 (Ct. Int'l Trade 2016)........................................................4

*Laizhou Auto Brake Equip. Co. v. United States*,
  477 F. Supp. 2d 1298 (Ct. Int'l Trade 2007).............................................3, 4, 5, 6

*Nat'l Ass'n of Mirror Mfrs. v. United States*,
  670 F. Supp. 1013 (Ct. Int'l Trade 1987) ............................................................4

*New Mexico Garlic Growers Coalition v. United States*,
  256 F. Supp. 3d 1373 (Ct. Int'l Trade 2017)....................................................4, 6

*Nexteel Co. v. United States*,
  393 F. Supp. 3d 1287 (Ct. Int'l Trade 2019)........................................................4

*Nexteel Co., Ltd. v. United States*,
  227 F. Supp. 3d 1323 (Ct. Int'l Trade 2017)........................................................4

*NSK Corp. v. United States*,
  547 F. Supp. 2d 1312 (Ct. Int'l Trade 2008)........................................................4

*Rubin v. United States*,
  449 U.S. 424 (1980).............................................................................................7

*Silver Reed Am, Inc. v. United States*,
  600 F. Supp. 846 (Ct. Int'l Trade 1984)...............................................................4

*Tianjin Wanhua Co., Ltd. v. United States*,
  11 F. Supp. 3d 1283 (Ct. Int'l Trade 2014)..........................................................4

*Torrington Co. v. United States*,
  731 F. Supp.1079 (Ct. Int'l Trade 1990) .........................................................4, 6

*Union Steel v. United States*,
   617 F. Supp. 2d 1373 (Ct. Int'l Trade 2009)............................................4, 5, 6, 7

*Union Steel v. United States*,
   704 F. Supp. 2d 1348 (Ct. Int'l Trade 2010)........................................................4

*Vinson v. Washington Gas Light Co.*,
   321 U.S. 489 (1944)..................................................................................3, 7

*Winter v. Natural Res. Def. Council*,
   555 U.S. 7 (2008) ...........................................................................................5

## UNITED STATES CODE

19 U.S.C. §1516a ...........................................................................................7

19 U.S.C. § 1516a(a)(2).................................................................................2

19 U.S.C. § 1516a(c)(2).............................................................................2, 8

28 U.S.C. § 2631(j)(1)...................................................................................7

## RULE

Rule 56.2...........................................................................................................6

Rule 56.2(a) ..................................................................................................6, 8

Rule 56.2(a)(4)(A)...........................................................................................6

## FEDERAL REGISTER NOTICES

*Certain Activated Carbon From the People's Republic of China, 2020-2021*,
   87 Fed. Reg. 67, 671 (Dep't Of Commerce Nov. 9, 2022) ....................................2

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | | |
|---|---|---|
| JILIN BRIGHT FUTURE CHEMICALS CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | |
| NINGXIA GUANGUA CHERISHMET ACTIVATED CARBON CO., LTD, and DATONG MUNICIPAL YUNGUANG ACTIVATED CARBON CO., LTD., | ) ) ) ) ) | |
| Plaintiff-Intervenors, | ) ) | |
| v. | ) | 1:22-cv-00336 |
| UNITED STATES, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| CARBON ACTIVATED TIANJIN CO., LTD., and NORIT AMERICAS, INC., | ) ) ) | |
| Defendant-Intervenors. | ) ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF-INTERVENORS' MOTION FOR PRELIMINARY INJUNCTION**

Defendant, the United States, respectfully opposes the motion for a preliminary

injunction filed by plaintiff-intervenors, Ningxia Guanghua Cherishmet Activated Carbon Co.,

Ltd. and Datong Municipal Yunguang Activated Carbon Co., Ltd. (collectively, plaintiff-

intervenors).  As discussed below, plaintiff-intervenors may not expand the issues in this case

beyond the complaint by requesting that the Court enjoin their entries, which are not the subject of the complaint.

## BACKGROUND

On November 9, 2022, Commerce published final results in the antidumping duty administrative review of certain activated carbon from the People's Republic of China for the period of review from April 1, 2020, through March 31, 2021.  *Certain Activated Carbon From the People's Republic of China, 2020-2021*, 87 Fed. Reg. 67,671-01 (Dep't of Commerce Nov. 9, 2022) (final results of antidumping duty administrative review and final determination of no shipments).  Plaintiff-intervenors participated as separate rate respondents in the underlying Commerce proceeding.  Am. Mot. at 2, ECF No. 25-2 (Feb. 8, 2023).  Pursuant to 19 U.S.C. § 1516a(a)(2), plaintiff-intervenors thus had 30 days after the publication of the final results— until December 9, 2022—within which to file a summons if they wished to file an independent challenge in this Court.  Plaintiff-intervenors did not file such a challenge.

Jilin Bright Future Chemicals Co., Ltd. (Jilin Bright) filed a summons within the required time period, and subsequently filed a complaint challenging numerous elements of Commerce's final results.  *See* Compl., ECF No. 9 (Jan. 6, 2023).  The case challenges Commerce's determinations regarding coal valuation, coal tar pitch valuation, calculation of surrogate financial ratios, and price adjustment for value added tax (VAT).  *See* Compl. at 3-5, ECF No. 9 (Jan. 6, 2023).  On January 10, 2023, Jilin Bright filed a Form 24 proposed order for statutory injunction upon consent, seeking to enjoin liquidation of the entries that were entered during the period of review and the subject of Commerce's final results.  Form 24, ECF No. 10 (Jan. 10, 2023).  The Court granted the statutory injunction the same day.  Order, ECF No. 11 (Jan. 10, 2023).

On February 6, 2023, plaintiff-intervenors filed a motion to intervene in this case. *See* Mot., ECF No. 18 (Feb. 6, 2023); Am. Mot., ECF No. 25 (Feb. 8, 2023). In their amended motion to intervene, plaintiff-intervenors indicated that they sought to challenge the same issues raised in Jilin Bright's complaint, "and then only as supplemental argumentation to arguments of Plaintiff." Am. Mot. at 3, ECF No. 25-2 (Feb. 8, 2023). The Court granted plaintiff-intervenors' motion to intervene on February 9, 2023. *See* Order, ECF No. 26 (Feb. 9, 2023).

On February 16, 2023, plaintiff-intervenors filed a motion for preliminary injunction, seeking to restrain the Government "from issuing instructions to liquidate, or from liquidating, entries of activated carbon from . . . China . . . that were exported by Plaintiff-Intervenors and entered into the United States during the period of review ("POR") between April 1, 2020, and March 31, 2021, and were subject to the . . . final determination in the fourteenth administrative review of the antidumping duty . . . order on activated carbon from China{.}" Mot. for Prelim. Injunction at 1-2, ECF No. 30 (Feb. 16, 2022).

## <u>ARGUMENT</u>

I.  Plaintiff-Intervenors' Motion Should Be Denied Because It Impermissibly Seeks To Expand The Issues In The Case

Plaintiff-intervenors' motion for a preliminary injunction should be denied because it seeks to expand the issues in this case, which an intervenor may not do. "[A]n intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944); *see also Chandler & Price Co. v. Brandtjen & Kluge*, 296 U.S. 53, 58 (1935) (stating that the intervenor is "limited to the field of litigation open to the original parties"); *Laizhou Auto Brake Equip. Co. v. United States*, 477 F. Supp. 2d 1298, 199-1301 (Ct. Int'l Trade 2007). Thus, while plaintiff-intervenors are permitted

by the Court's rules to intervene and support Jilin Bright's case against the United States, plaintiff-intervenors may not expand the case to include their own separate entries affected by Commerce's decision.

In other words, an intervenor's role is limited to supporting the plaintiff in asserting its own claims for relief. *Laizhou*, 477 F. Supp. 2d at 1299-1301; *Torrington Co. v. United States*, 731 F. Supp. 1079, 1076 (Ct. Int'l Trade 1990) (rejecting intervenor's claims as "clearly beyond the scope of the original litigation"); *Nat'l Ass'n of Mirror Mfrs. v. United States*, 670 F. Supp. 1013, 1015 (Ct. Int'l Trade 1987) (rejecting intervenor claims because they would "unduly enlarge the pleadings").

This Court has previously rejected our position and granted an intervenor's motion for a preliminary injunction. *See, e.g.*, *Nexteel Co. v. United States*, 393 F. Supp. 3d 1287, 1291 (Ct. Int'l Trade 2019); *Nexteel Co., Ltd. v. United States*, 227 F. Supp. 3d 1323 (Ct. Int'l Trade 2017); *New Mexico Garlic Growers Coalition v. United States*, 256 F. Supp. 3d 1373 (Ct. Int'l Trade 2017); *Fine Furniture (Shanghai) Limited v. United States*, 195 F. Supp. 3d 1324 (Ct. Int'l Trade 2016); *Tianjin Wanhua Co., Ltd. v. United States*, 11 F. Supp. 3d 1283 (Ct. Int'l Trade 2014); *Union Steel v. United States*, 704 F. Supp. 2d 1348 (Ct. Int'l Trade 2010); *Union Steel v. United States*, 617 F. Supp. 2d 1373 (Ct. Int'l Trade 2009); *NSK Corp. v. United States*, 547 F. Supp. 2d 1312 (Ct. Int'l Trade 2008); *cf. Silver Reed Am, Inc. v. United States*, 600 F. Supp. 846, 851-52 (Ct. Int'l Trade 1984) (allowing permissive intervention where plaintiff-intervenor's purpose was not to set aside the results of litigation or raise a new issue, and "see{ing} no prejudice" to the parties if plaintiff-intervenors were to seek an injunction).

4

In *Union Steel*, for example, the Court held that granting an injunction against the liquidation of entries does not violate the principle that an intervenor may not enlarge the already-pending issues or compel an alteration of the nature of the case:

> Because it need do no more than allow the final judicial determination resulting from this litigation to govern entries that were the subject of the administrative review and the Final Results, the grant of the injunction Whirlpool seeks would not, in any meaningful sense, "compel an alteration of the nature of the proceeding."

*Union Steel*, 617 F. Supp. 2d at 1382.

We respectfully disagree with these decisions. If granted, the proposed injunction would alter the nature of the case because it would enjoin entries that are not currently the subject of the litigation. In other words, by requesting a remedy that differs from that sought by Jilin Bright, plaintiff-intervenors seek to alter the nature of the proceeding. Indeed, that plaintiff-intervenors must seek an injunction that is distinct from the injunction granted to Jilin Bright demonstrates this point. If plaintiff-intervenors were not enlarging the case, they would not need to ask the Court to use its "extraordinary" equitable powers to enjoin their entries. *See Benisek v. Lamone*, 201 L. Ed. 2d 398, 138 S. Ct. 1942, 1943 (2018) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008)) (stating a preliminary injunction is "an extraordinary remedy never granted as of right").

Further, while it is true that plaintiff-intervenors' entries were the subject of the final results, these entries are not at issue in Jilin Bright's case. It does not follow that if one party files a complaint, all parties that participated in the review may seek an injunction from the Court. The filing of a complaint by one party does not enjoin the entries of all parties that participated in the review. The Court's decision in *Laizhou* is instructive. 477 F. Supp. 2d 1298. Similar to the pending case, the plaintiff-intervenor in *Laizhou*, a Chinese exporter, sought

5

intervention to challenge the final results of an administrative review and obtain a preliminary injunction enjoining liquidation of its entries pending judicial review. *Id.* at 1299. The Court held that the exporter's attempt to piggyback on the original timely filed complaint to protect its distinct entries impermissibly expanded the subject matter of the action "'clearly beyond the scope of the original litigation.'" *Id.* at 1300-01 (quoting *Torrington*, 731 F. Supp. at 1076). As in *Laizhou*, here, plaintiff-intervenors seek to enjoin liquidation with respect to their own entries, which are not the subject of the complaint brought by the plaintiff in this case. In seeking injunctive relief to suspend liquidation for its entries, plaintiff-intervenors impermissibly seek to enlarge this case.

Also undermining plaintiff-intervenors' motion is Rule 56.2(a) of this Court, which provides deadlines for seeking statutory injunction "to enjoin the liquidation of entries *that are the subject of the action*." R. Ct. Int'l Trade 56.2(a)(4)(A) (emphasis added) (stating such motions "shall be filed by a party to the action within 30 days after the date of service of the complaint or at such later time, for good cause shown"); *see also* R. Ct. Int'l Trade 56.2(a)(4)(B) (rule applying to intervenors). Accordingly, the Rule indicates that the Court will exercise its authority to issue injunctions only with respect to "entries that are the subject of the action." *See Laizhou*, 477 F. Supp. 2d at 1300 ("USCIT Rule 56.2 only authorizes a motion for preliminary injunction 'to enjoin liquidation of entries that are subject to the action. . . .'"). We recognize that the Court rejected this position in *Union Steel*, holding that "defendant's overly broad construction of the Rule would disregard considerations that were important to Congress in enacting the statutory scheme that the Rule, in part, is intended to effectuate." *Union Steel*, 617 F. Supp. 2d at 1383 (citing 19 U.S.C. § 1516a(c)(2)); *see also New Mexico Garlic Growers Coalition*, 256 F. Supp. 3d 1373.

6

We respectfully disagree. As this Court did in *Laizhou*, we rely on the plain language of the Rule, which provides that injunctions will only be issued with respect to "entries that are the subject of the action." *Cf. Ardestani v. Immigration & Naturalization Serv.*, 502 U.S. 129, 135-36 (1991) (noting the "'strong presumption' that the plain language of the statute expresses congressional intent is rebutted only in 'rare and exceptional circumstances' when a contrary legislative intent is clearly expressed") (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1980)). Here, Jilin Bright's complaint did not seek nor contemplate the equitable relief currently being sought by plaintiff-intervenors.

Moreover, while it is true that Congress considered an injunction against liquidation to be significant and, therefore, expressly provided the opportunity for an injunction, Congress also provided that parties who are contesting Commerce's antidumping decisions may file their own case. *See* 19 U.S.C. §1516a(a)(2)(A). Indeed, we are unaware of any provision in the statute or otherwise that indicates that Congress intended to override the Supreme Court's holding that intervenors may not expand the existing case. *See Vinson*, 321 U.S. at 498; *see also Chandler & Price Co.*, 296 U.S. at 58 (stating that the intervenor is "limited to the field of litigation open to the original parties"). Rather, Congress has provided a means for parties to file their own complaint and plaintiff-intervenors proffer no explanation for why it has not done so. This approach need not create more volume—plaintiff-intervenors could agree to join Jilin Bright in its briefing to conserve resources. But there is simply no mechanism to include entries that were not articulated in the original complaint.

In *Union Steel*, the Court also cited to 28 U.S.C. § 2631(j)(1), as supporting its conclusion that Congress intended to allow intervention in a case such as this. *Union Steel*, 617 F. Supp. 2d at 1383. Although it is true that Congress provided that "[a]ny person who would be

7

adversely affected or aggrieved by a decision in a civil action" may intervene, 28 U.S.C. § 2631(j)(1), the question before the Court is not intervention, but a request for an injunction. Simply because they may intervene and support Jilin Bright's case against the United States does not mean that plaintiff-intervenors can expand the case to encompass its own entries. Congress authorized the Court to "enjoin the liquidation of some or all entries of merchandise covered by a determination of the Secretary, the administering authority, or the Commission, upon a request by an interested party for such relief and a proper showing that the requested relief should be granted under the circumstances." 19 U.S.C. § 1516a(c)(2). Under the "circumstances" here, the Court should adhere to Rule 56.2(a) and limit the scope of any injunction to entries of subject merchandise manufactured or exported by the plaintiff Jilin Bright.

## **CONCLUSION**

For these reasons, we respectfully request that the Court deny plaintiff-intervenors' motion for a preliminary injunction.

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

PATRICIA M. MCCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Assistant Director

OF COUNSEL

ASHLANDE GELIN
Office of Trade Enforcement &
   Compliance
Department of Commerce

/s/ Emma E. Bond
EMMA E. BOND
Trial Attorney
U.S. Department of Justice
Civil Division
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-2034
Fax: (202) 353-0461
Email: Emma.E.Bond@usdoj.gov

February 28, 2023

*Attorneys for Defendant*

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| JILIN BRIGHT FUTURE CHEMICALS CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | |
| NINGXIA GUANGUA CHERISHMET ACTIVATED CARBON CO., LTD, and DATONG MUNICIPAL YUNGUANG ACTIVATED CARBON CO., LTD., | ) ) ) ) ) | |
| Plaintiff-Intervenors, | ) ) | |
| v. | ) ) | 1:22-cv-00336 |
| UNITED STATES, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| CARBON ACTIVATED TIANJIN CO., LTD., and NORIT AMERICAS, INC., | ) ) ) | |
| Defendant-Intervenors. | ) ) | |

## <u>ORDER</u>

Upon consideration of the motion for a preliminary injunction filed by plaintiff-intervenors, Ningxia Guanghua Cherishmet Activated Carbon Co., Ltd. and Datong Municipal Yunguang Activated Carbon Co., Ltd., defendant's opposition, and all other pertinent papers, it is hereby

1

ORDERED that the motion for a preliminary injunction is denied.


Dated: _____, 2023                _____
      New York, NY                                   CHIEF JUDGE