Slip Op. 23-28

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JILIN BRIGHT FUTURE CHEMICALS CO. LTD, <br><br> Plaintiff, <br><br> and <br><br> NINGXIA GUANGHUA CHERISHMET ACTIVATED CARBON CO., LTD. AND DATONG MUNICIPAL YUNGUANG ACTIVATED CARBON CO., LTD., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> CALGON CARBON CORPORATION AND NORIT AMERICAS, INC., <br><br> Defendant-Intervenors. | Before: Mark A. Barnett, Chief Judge <br> Court No. 22-00336 |

## OPINION AND ORDER

[Granting Plaintiff-Intervenors' motion for preliminary injunction to enjoin the United States from liquidating certain of Plaintiff-Intervenors' entries of activated carbon.]

Dated: March 3, 2023

Jordan C. Kahn and Francis J. Sailer, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, NY, for Plaintiff-Intervenors Ningxia Guanghua Cherishmet Activated Carbon Co., Ltd. and Datong Municipal Yunguang Activated Carbon Co., Ltd.

Emma E. Bond, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington DC, for Defendant United States.  With her on the

brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Claudia Burke, Assistant Director. Of counsel on the brief was Ashlande Gelin, Office of Trade Enforcement & Compliance, Department of Commerce.

    Barnett, Chief Judge: Before the court is plaintiff-intervenors Ningxia Guanghua Cherishmet Activated Carbon Co., Ltd. and Datong Municipal Yunguang Activated Carbon Co., Ltd.'s (together, "Plaintiff-Intervenors") partial consent motion for preliminary injunctions to enjoin defendant, the United States ("Defendant"), from liquidating certain of its entries of activated carbon from the People's Republic of China. Partial Consent Mot. for Prelim. Injs. ("Mot."), ECF No. 30. Specifically, Plaintiff-Intervenors seek to enjoin liquidation of all unliquidated entries of activated carbon that were exported by Plaintiff-Intervenors and entered into the United States during the period of review ("POR") between April 1, 2020, and March 31, 2021, and were subject to the U.S. Department of Commerce's ("Commerce") final determination in the fourteenth administrative review ("AR14") of the antidumping duty order on activated carbon from China. See Mot. at 1–2; see also Certain Activated Carbon from the People's Republic of China ("Final Results"), 87 Fed. Reg. 67,671 (Dep't Commerce Nov. 9, 2022) (final results of antidumping duty admin review; and final determination of no shipments; 2020–2021).

    The court has jurisdiction pursuant to Section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 28 U.S.C. § 1581(c) (2018) and 19 U.S.C. § 1516a(c)(2) (2018). For the reasons set forth below, Plaintiff-Intervenors' motion for a preliminary injunction is granted.

### BACKGROUND

Commerce published the *Final Results* on November 9, 2022. *See Final Results*, 87 Fed. Reg. at 67,671. On December 9, 2022, plaintiff Jilin Bright Future Chemicals Co., Ltd. ("Jilin Bright"), a foreign producer and exporter of activated carbon, filed a summons commencing this case. *See* Summons, ECF No. 1. On January 6, 2023, Jilin Bright filed a complaint challenging several aspects of Commerce's antidumping duty calculation as to Jilin Bright. *See* Compl. ¶¶ 11–18, ECF No. 9.

Plaintiff-Intervenors are separate rate respondents whose merchandise is also subject to the *Final Results*. *See* Mot. at 2–3; *Final Results*, 87 Fed. Reg. at 67,672. Plaintiff-Intervenors received the same rate as Jilin Bright, which was the only mandatory respondent whose rate was not zero, *de minimis*, or based entirely on facts available. *See Final Results*, 87 Fed. Reg. at 67,672. On February 6, 2023, Plaintiff-Intervenors filed a consent motion to intervene in this action, Consent Mot. to Intervene as of Right, ECF No. 18; *see also* Am. Consent Mot. to Intervene as of Right ("Am. Mot. to Intervene"), ECF No. 25-2, and the court granted that motion on February 9, 2023, Docket Entry, ECF No. 26.

On February 15, 2023, Commerce posted liquidation instructions to liquidate Plaintiff-Intervenors' entries of activated carbon made during the POR. *See* Mot. at 3. On February 16, 2023, Plaintiff-Intervenors filed the instant motion for preliminary injunctions. *See* Mot. Defendant opposed the motion. *See* Def.'s Resp. in Opp'n to Pl.-Ints.' Mot. for Prelim. Inj. ("Def.'s Resp."), ECF No. 32. Jilin Bright consented to the

Court No. 22-00336                                                                                                           Page 4

motion while Defendant-Intervenors stated that they oppose the motion, Mot. at 9; however, they did not file responsive arguments.

### DISCUSSION

"In international trade cases, the [U.S. Court of International Trade ("USCIT")] has authority to grant preliminary injunctions barring liquidation in order to preserve a party's right to challenge the assessed duties." *Qingdao Taifa Grp. Co. v. United States*, 581 F.3d 1375, 1378 (Fed. Cir. 2009). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To prevail, Plaintiff–Intervenors must demonstrate (1) a likelihood of success on the merits; (2) the likelihood of irreparable harm without injunctive relief; (3) that the balance of equities favors Plaintiff–Intervenors; and (4) that injunctive relief serves the public interest. *Id.* at 20; *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983).

Defendant does not oppose Plaintiff-Intervenors' motion on the basis of the four-factor test for injunctive relief. Instead, Defendant contends that Plaintiff-Intervenors' motion "should be denied because it seeks to expand the issues in this case, which an intervenor may not do." Def.'s Resp. at 3 (citing *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944); *Laizhou Auto Brake Equip. Co. v. United States*, 31 CIT 212, 214–15, 477 F. Supp. 2d 1298, 1300–01 (2007)). Defendant further contends that the plain language of USCIT Rule 56.2(a), providing for statutory injunction of only "entries that are the subject of the action," cannot apply to entries made by Plaintiff-Intervenors

Court No. 22-00336 Page 5

because "Jilin Bright's complaint did not seek nor contemplate the equitable relief" sought by Plaintiff-intervenors.

Defendant's arguments are unpersuasive. As Defendant concedes, the court has rejected Defendant's arguments repeatedly. Def.'s Resp. at 4 (citing to *Nexteel Co. v. United States*, 43 CIT __, __, 393 F. Supp. 3d 1287, 1291 (2019); *Nexteel Co. v. United States*, 41 CIT __, 227 F. Supp. 3d 1323 (Ct. Int'l Trade 2017); *New Mexico Garlic Growers Coalition v. United States*, 41 CIT __, 256 F. Supp. 3d 1373 (Ct. Int'l Trade 2017); *Fine Furniture (Shanghai) Ltd. v. United States*, 40 CIT __, 195 F. Supp. 3d 1324 (2016); *Tianjin Wanhua Co. v. United States*, 38 CIT __, 11 F. Supp. 3d 1283 (2014); *Union Steel v. United States*, 34 CIT 567, 704 F. Supp. 2d 1348 (2010); *Union Steel v. United States*, 33 CIT 614, 617 F. Supp. 2d 1373 (2009); *NSK Corp. v. United States*, 32 CIT 161, 547 F. Supp. 2d 1312 (2008).[1]

As the court explained in these prior opinions, "[t]he concept of enlargement is one that is best reserved for situations in which an intervenor adds new legal issues to those already before the court." *Nexteel*, 227 F. Supp. 3d at 1325 (quoting *Tianjin Wanhua*, 11 F. Supp. 3d at 1285) (internal quotations omitted). Thus, a motion for preliminary injunction by a plaintiff-intervenor "which does not raise additional

---

[1] As Defendant recognizes, in the 16 years since *Laizhou*, there has been a steady and consistent stream of opinions from this court finding that motions for preliminary injunction made by plaintiff-intervenors seeking only to permit the results of the litigation to be applied to their imports do not expand the scope of a case. In the absence of any new arguments, Defendant should appeal the court's ruling to the U.S. Court of Appeals for the Federal Circuit or reconsider its position going forward to permit the just, speedy and inexpensive determination of such motions. *See* USCIT Rule 1.

substantive issues does not enlarge the . . . complaint" and "simply ensures that the . . . litigation will govern entries that are covered by the administrative review and subject to the [determination] being challenged." *Nexteel*, 227 F. Supp. 3d at 1325–26.  Here, there is no indication that Plaintiff-Intervenors seek to introduce new substantive issues that were not raised in Jilin Bright's complaint.  Am. Mot. to Intervene at 3 ("Plaintiff-Intervenors do not plan to address any issues beyond [those raised by Jilin Bright], and then only as supplemental argumentation.").  Furthermore, as Plaintiff-Intervenors explain, their position is entirely derivative of Jilin Bright's, because Plaintiff-Intervenors' antidumping duty separate rate is based entirely on Jilin Bright's calculated rate, thus, Plaintiff-Intervenors only seek to "obtain any [antidumping duty] rate benefit obtained by [Jilin Bright]."  *Id*. at 2–3.

Defendant's reliance on the plain language of USCIT Rule 56.2(a) to limit the entries that are "the subject of the action" to those identified in the complaint is similarly unavailing.  *See* Def.'s Resp. at 6–8.  Rule 56.2(a) states that "[a]ny motion for a statutory injunction . . . to enjoin the liquidation of entries that are the subject of the action must be filed by a party to the action within 30 days after service of the complaint."  USCIT Rule 56.2(a)(4)(A).  Rule 56.2(a) further provides that "[a]n intervenor must file for a statutory injunction . . . no earlier than the date of filing its Rule 24 motion to intervene and no later than 30 days after the date of service of the order granting intervention."  USCIT Rule 56.2(a)(4)(B).  Read together, these sentences provide deadlines governing motions for injunctive relief for both plaintiffs and plaintiff-intervenors.  Thus, the sentence relied on by Defendant is not intended to limit the

scope of injunctive relief a court may grant to plaintiff-intervenors.  In effect, reading Rule 56.2(a)(4)(A) to deny injunctive relief to intervenors would "provide intervenors with a statutory right to participate in the litigation pursuant to 28 U.S.C. § 2631(j)[2] without any chance for relief."  *New Mexico Garlic Growers*, 256 F. Supp. 3d at 1377 (citations and internal quotations omitted).

    The court further finds that Plaintiff-Intervenors have satisfied the requirements for a preliminary injunction.  Plaintiff-Intervenors will suffer irreparable harm absent injunctive relief because liquidation of their entries would bar them from obtaining the relief sought, a reduction of and refund of any overpayment of antidumping duties.  *See* Mot. at 3; *see also Zenith* 710 F.2d at 810 (stating that the antidumping statutory scheme "has no provision permitting reliquidation . . . or imposition of [a different antidumping duty rate] after liquidation").  The court also finds that Jilin Bright has raised issues which are "serious, substantial, difficult, and doubtful" and, thus, demonstrated a sufficient likelihood on the merits.  *Timken Co. v. United States*, 6 CIT 76, 81, 569 F. Supp. 65, 70 (1983).  Because Plaintiff-Intervenors' likelihood of success is tied to that of Jilin Bright's success, the court finds this requirement is satisfied.  *See* Mot. at 5–6.  The court agrees that the balance of equities favors Plaintiff-Intervenors because they will suffer irreparable harm without injunctive relief and Defendant will suffer no harm from the delay in liquidation.  *See* Mot. at 4–5.  Finally, the public interest is served by

---

[2] Section 2631(j) provides, with exceptions not relevant here, that "[a]ny person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action."  28 U.S.C. § 2631(j).

the grant of injunctive relief.  See SKF USA Inc. v. United States, 28 CIT 170, 176, 316 F. Supp. 2d 1322, 1329 (2004) ("As for the public interest, there can be no doubt that it is best served by ensuring that [Commerce] complies with the law, and interprets and applies our international trade statutes uniformly and fairly."); Mot. at 6–7.

## CONCLUSION AND ORDER

Accordingly, upon consideration of Plaintiff-Intervenors' partial consent motion for a preliminary injunction, and Defendant's opposition thereto, it is hereby

**ORDERED** that Plaintiff-Intervenors' partial consent motion for a preliminary injunction is **GRANTED**; it is further

**ORDERED** that Defendant, United States, along with the delegates, officers, agents, and employees of the International Trade Administration of the U.S. Department of Commerce and U.S. Customs and Border Protection, shall be, and hereby are, **ENJOINED** from making or permitting liquidation of any unliquidated entries of activated carbon from the People's Republic of China (Case A-570-904), which:

(1) were the subject of the administrative determination published as *Certain Activated Carbon from the People's Republic of China*: Final Results of Antidumping Duty Administrative Review; and Final Determination of No Shipments; 2020-2021, 87 Fed. Reg. 67,671 (Dep't Commerce Nov. 9, 2022);

(2) were exported to the United States by Ningxia Guanghua Cherishmet Activated Carbon Co., Ltd., or Datong Municipal Yunguang Activated Carbon Co., Ltd.;

  (3) were entered into the United States during the period of review April 1, 2020, and March 31, 2021; and

  (4) remain unliquidated as of 5:00 p.m. on the day the court enters this order on the docket in this case; and it is further

  **ORDERED** that the entries covered by this injunction shall be liquidated in accordance with the final and conclusive court decision in this matter, including all appeals and remand proceedings.

                /s/  Mark A. Barnett
                Mark A. Barnett, Chief Judge

Dated: March 3, 2023
    New York, New York